No. 24-4624

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

IN RE EX PARTE APPLICATION OF GREGORY GLINER
FOR AN ORDER PURSUANT TO 28 U.S.C. §1782
GRANTING LEAVE TO OBTAIN DISCOVERY
FOR USE IN FOREIGN PROCEEDINGS

On Appeal from the United States District Court
for the Northern District of California at San Francisco
(Case No. 3:24-mc-80087-JD, Hon. James Donato)

**APPLICANT-APPELLANT GREGORY GLINER'S
RESPONSE TO
AMERICAN CIVIL LIBERTIES UNION OF NORTHERN CALIFORNIA'S
MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF
AND
CROSS-MOTION FOR LEAVE TO FILE A REPLY**

MICHELE FLOYD
KILPATRICK TOWNSEND
STOCKTON LLP
2 Embarcadero Center, Suite 1900
San Francisco, CA 94111
(415) 273-4756
mfloyd@ktslaw.com

JOSEPH R. OLIVERI
*Lead Counsel*
CLARE LOCKE LLP
10 Prince Street
Alexandria, VA 22314
(202) 628-7405
joe@clarelocke.com

*Attorneys for Applicant-Appellant Gregory Gliner*

September 20, 2024

Applicant-Appellant Gregory Gliner respectfully files this Response to ACLU of Northern California's ("ACLU") Motion for Leave to File Amicus Curiae Brief and Cross-Motion for Leave to File a Reply to address the uncommon procedural posture of this case and to request leave to file, on an expedited basis, a Reply to ACLU's brief—which addresses issues far beyond those in Mr. Gliner's Principal Brief—if the Court accepts ACLU's brief.

This appeal arises from the district court's denial of Mr. Gliner's *ex parte* application for discovery under 28 U.S.C. §1782.[1] Because this is an *ex parte* proceeding and Mr. Gliner had already filed his Principal Brief when ACLU moved to file its amicus brief, briefing was already completed—whereas in a typical appeal briefing would still be ongoing and Mr. Gliner would have the opportunity to address issues raised by amici (and by appellee) in his Reply Brief. Thus, as things presently stand, Mr. Gliner has no ability to respond to the issues that ACLU raises in its brief.

That is why, as Mr. Gliner's counsel previously explained to ACLU's counsel, although Mr. Gliner generally has no objection to ACLU filing an amicus brief in this case, he had to condition his consent on the Court granting him leave to file a

---

[1] "Applications brought pursuant to 28 U.S.C. §1782 typically are considered on an *ex parte* basis, since 'parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it.'" *In re Apple Retail UK Ltd.*, No. 20-mc-80109, 2020 WL 3833392, at *2 (N.D. Cal. July 8, 2020); *see also In re Letters Rogatory from the Tokyo Dist.*, 539 F.2d 1216, 1219 (9th Cir. 1976).

Reply to ACLU's brief. As Mr. Gliner's counsel explained, leave to file a Reply is necessary so that Mr. Gliner can address the issues newly raised by ACLU that bear on his appeal—as he would ordinarily be able to do in a two-party appeal. A Reply would also ensure that the Court has fulsome briefing on issues newly raised by ACLU.[2]

Accordingly, Mr. Gliner respectfully requests that, if the Court accepts ACLU's brief, it grant him leave to file a Reply thereto, which Mr. Gliner will gladly file on an expedited basis. ACLU's proposed amicus brief—which is nominally styled as "in support of no party" but asks this Court to impose substantial additional burdens on Mr. Gliner and to fundamentally re-write 28 U.S.C. §1782—confirms that a Reply is warranted and that Mr. Gliner will be prejudiced if he is unable to file a Reply.

This appeal presents—and Mr. Gliner briefed—a narrow question: whether the district court erred by denying Mr. Gliner's Section 1782 Application (requesting discovery to identify the anonymous author of a defamatory article on a Russian disinformation website) without considering the relevant statutory elements and discretionary factors, based on the publisher's purported First Amendment interests—even though all available evidence indicates that the publisher is not a

---

[2] Mr. Gliner is disappointed that ACLU refused to agree to this fundamentally fair request.

U.S. citizen, is located outside the United States, and did not target a U.S. audience such that he had no First Amendment rights to be implicated by Mr. Gliner's Application. *See Agency for Int'l Dev. (USAID) v. All. for Open Soc'y Int'l, Inc.*, 591 U.S. 430, 433 (2020); *Thunder Studios, Inc. v. Kazal*, 13 F.4th 736, 744 (9th Cir. 2021).

But ACLU's proposed amicus brief asks this Court to make broad and novel holdings on questions of constitutional import far beyond that narrow question presented and briefed by Mr. Gliner. ACLU first asks this Court to broadly hold the First Amendment applicable to *any* action under 28 U.S.C. §1782 that seeks to discover the identity of any anonymous tortfeasor anywhere—notwithstanding *USAID* and the decades of Supreme Court precedent on which it is based.

ACLU then asks this Court to re-write the framework for evaluating some (but not all) applications under 28 U.S.C. §1782—namely, those seeking to discover the identity of anonymous tortfeasors—by requiring those applications to satisfy an additional test created in *Highfields Capital Management, L.P. v. Doe*, 385 F. Supp. 2d 969, 975 (N.D. Cal. 2005), to evaluate discovery requests in U.S. litigation under U.S. law. ACLU's request directly contravenes, among other things, the Supreme Court's admonition in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 263 & n.15 (2004), not to evaluate anticipated foreign proceedings through the lens of the domestic analogs. And in support of its request,

3

ACLU ignores the consistent holdings of myriad courts that have explained why applying *Highfields* under 28 U.S.C. §1782 would be improper; ACLU instead repeatedly cites its application in *Tokyo University of Social Welfare v. Twitter, Inc.*, No. 21-mc-80102, 2021 WL 4124216 (N.D. Cal. Sept. 9, 2021), without acknowledging that that decision has been repudiated as incorrect by the Judge who authored it. *See Hey, Inc. v. Twitter, Inc.*, Mo. 22-mc-80034, 2023 WL 3874022, at *4 (N.D. Cal. June 6, 2023). ACLU's request—and the additional novel (and incorrect) arguments is presses in support of it—warrants a fulsome response from Mr. Gliner.

At bottom, ACLU asks this Court to go far beyond the narrow issue presented in this case and addressed in Mr. Gliner's Principal Brief. It asks this Court to sit as a policymaker and legislator to re-write a statute that it evidently does not like by deciding constitutional questions it need not decide, all contrary to established judicial practice. *See Matal v. Tam*, 582 U.S. 218, 230-31 (2017) ("[W]e ought not to pass on questions of constitutionality ... unless such adjudication is unavoidable."); *Romag Fasteners, Inc v. Fossil, Inc.*, 590 U.S. 212, 219-20 (2020) ("[T]he place for reconciling competing and incommensurable policy goals ... is before policymakers. This Court's limited role is to read and apply the law those policymakers have ordained[.]").

Therefore, Mr. Gliner respectfully requests that, if the Court accepts ACLU's proposed amicus brief, it grant him leave to file a Reply to that brief so that he can fully address the broad arguments ACLU raises therein—as he would be able to do in the ordinary course in a non-*ex-parte* appeal.

## CONCLUSION

For the foregoing reasons, Mr. Gliner respectfully requests that the Court either strike ACLU's proposed amicus brief or grant Mr. Gliner leave to file a Reply to that brief.

Date: September 20, 2024

Respectfully Submitted,

 /s/ Joseph R. Oliveri
JOSEPH R. OLIVERI
CLARE LOCKE LLP
10 Prince Street
Alexandria, VA 22314
(202) 628-7405
joe@clarelocke.com

MICHELE FLOYD
KILPATRICK TOWNSEND STOCKTON LLP
2 Embarcadero Center, Suite 1900
San Francisco, CA 94111
(415) 273-4756
mfloyd@ktslaw.com

*Attorneys for Applicant-Appellant Gregory Gliner*

## **CERTIFICATE OF COMPLIANCE**

**1.**     **Type Volume**

[X]     This document complies with type-volume limits of FRAP 27(d)(2)(A) because, excluding the parts of the document exempted by FRAP 32(f) (cover page, disclosure statement, table of contents, table of citations, statement regarding oral argument, signature block, certificates of counsel, addendum, attachments), this document contains 1,073 words.

**2.**     **Typeface and Type-Style**

[X]     This document complies with the typeface requirements of FRAP 27(d)(1)(E) and FRAP 32(a)(5) and the type-style requirements of FRAP 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

  */s/ Joseph R. Oliveri*
Joseph. R. Oliveri
*Attorney for Applicant-Appellant Gregory Gliner*

Dated: September 20, 2024

## CERTIFICATE OF SERVICE

I hereby certify that on September 20, 2024, I caused the foregoing Applicant-Appellant Gregory Gliner's Response to American Civil Liberties Union of Northern California's Motion for Leave to File Amicus Curiae Brief and Cross-Motion for Leave to File a Reply to be filed using the Court's CM/ECF system. I further certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: September 20, 2024            By:    */s/ Joseph. R. Oliveri*
                                                            Joseph. R. Oliveri
                                                            *Attorney for Applicant-Appellant Gregory Gliner*

7